Spear, J.
This motion was considered by the court at the last term and was disposed of October 24, 1899, by an order sustaining the motion. A question of like character was involved in a motion recently presented. Upon a fuller consideration of the subject, the views of some members of the court have undergone a change, and the conclusion is reached by a majority that the motion ought to have been overruled; and, inasmuch as the cause itself is *313 still undisposed of (although recently included in the list of those ordered dismissed for failure to file printed record), it seems proper now to overrule the former order sustaining the motion, and permit a printed record, including the bill of exceptions, to be fded, and the cause submitted on its merits.
The ground for striking off the bill, as stated in the motion, is “for the reason that said bill of exceptions is not a part of the record in this case, and were not presented to the circuit court of Erie county for signature till more than forty-five days after the overruling of the motion for a new trial in said circuit court.”
The journal entry of the circuit court of April 22, 1899 (the date of the overruling of the motion for new trial), shows that the plaintiff and The Second National Bank of Sandusky were given fifty days to prepare and have allowed, etc., etc., their bill of exceptions, and for that purpose the minutes of the court to be kept open, etc. Then follows the journal entry of the forty-eighth day, viz.: “Come now this 9th day of June, the plaintiff in the above entitled. cause and presents his certain bill of exceptions herein, which upon examination by the court is found to be true and correct, and is by the court hereby allowed, signed, sealed and ordered to be made a part of the record herein without entering at length, which bill of exceptions is herewith filed in said circuit court of Erie county, Ohio, by the plaintiff in error, Frank L. Felch, assignee, etc., this tenth day of June, A. D. 1899.” The bill of exceptions shows substantially the same.
And the question is, does this show a compliance with the statute so as to constitute the bill a part of the record?
The ground of objection urged in argument is that it appears by the record that the bill was not submitted to the trial judges within proper time. That is, there is no statement that the bill was submitted *314 earlier than the forty-eighth day, and it is therefore to be inferred that the submission on that day was the first and only submission of the bill.
The provisions of statute are: Section 5301: “The party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within fifty days after the overruling of the motion for a new trial, or the decision of the court where a motion for a new trial is not necessary;” and, clause sixth, of section 5302: “And unless the trial judge or judges shall be absent from the district or circuit court, as provided in section 5301, the same shall be submitted to him or them for his or their signature, not less than five days before the expiration of said fifty days.” It does not appear in this case that the trial judges were absent, and hence the duty devolved upon the complaining party to submit bis bill to them for signature not less than five days before the expiration of the fifty days, but the statute does not require that the time when the bill was in fact so submitted shall be noted in the bill or be shown by the record. The record being silent as to the time when the bill was submitted to the trial judges, the precise question is: What presumption follows the action of the court as shown by the journal entry of June 9, and of the judges of the same date, as shown by the bill?
It will contribute to clearness of understanding to keep in mind that the submission of the bill to the judges for signatures and its presentation to the court for its proper action, are not required to be done within the same time. That is, submission to the trial judges must be on or before the forty-fifth day after the overruling of the motion for new trial, but the presentation to the court, in order to have a proper entry made, need not be before the fiftieth day. The object in requiring the submission five days before the expiration of the fifty is manifestly to afford time for examination and correction of the bill *315 before it must be allowed and signed; and it is to be specially noted that the allowance and signing by the trial judges is not required to be done earlier than the fiftieth day; it is the submission of the bill to them not less than five days before the expiration of the fifty, not their allowance and signing of it within that time, that is indispensable. Also, that while the allowance and signing is to be done only by the judges, their order that the bill be made a part of the record does not avail unless supplemented by a proper journal entry. This, though done by the clerk, takes effect, by force of the statute, as the act of the court, and is indispensable. It is thus apparent that the duty of the jiidges and that of the court are distinct duties. The duty of the judges is to allow and sign the bill. This can be done in court, or outside at chambers or their homes, and entirely irrespective of whether the court is in session or not. Their duty when performed perfects the bill as a bill of exceptions. Whether or not it becomes a part of the record depends upon whether it is duly presented and. an entry put on the journal ordering it to be made a part of the record. One special purpose of such action is to furnish a sure, unquestioned means of identification. To enter into an inquiry of review the bill must be a part of the record. It is true that this making of the entry, done by the hand of the clerk, is often done after the term has adjourned, but he acts as an officer of the court and his act is, for the purpose of completing the record, the act of the court. The force and meaning is that, upon presentation of a bill of exceptions within the fifty days, duly allowed and signed by the trial judges, the clerk shall enter the order making the bill a part of the record. True it is that the entry in this case reads that the bill was, by the court, allowed, signed and sealed. This form accords with that given by Judge Nash in his work on Pleadings and Practice, and by Mr. Wild in his *316 Journal Entries. It obtained when the provisions of the statute were different from those now in force. The provision of the code (Sec. 291) S. & C., 1028, was that the party objecting must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term, and (Sec. 294) “where the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce the exception to writing and present it to the court for its allowance. If true, it shall be the duty of a majority of the judges composing the court to allow and sign it; whereupon it shall be filed with the pleadings as part of the record.” This manifestly contemplates action by the court. And, under this statute, it was held in Hill v. Bassett, 27 Ohio St., 597, that the presentation to the court within the proper time and the allowance, signing and sealing by the court, and its order entered on the journal making the bill a part of .the record, were indispensable in order to entitle the bill to be regarded by a reviewing court upon error. An amendment followed, in 1876, which permitted the bill to be perfected thirty days after term, and the journal to be kept open for that length of time for proper entry. By later statutes, however, and now, the time after term for such perfecting of the bill has been extended, and also the requirement of presentation for allowance to the court omitted; so that we look in vain through all the sections, from 5297 to 5304, for any language importing a duty on the part of the court, as such, to allow or sign a bill of exceptions. The plain distinction is that, while under the old statute the judges allowed and signed the bill as a court, now they allow and sign it as judges, and as judges only. True, the statute does require that there be an entry “of the allowance and signing of the same.” But this imports only that the entry must show a finding that the bill has been *317 duly allowed and signed. It thus appears that the form of entry so long in use and appearing in this record, is not adapted to the present statute, but considered with the bill of exceptions, it meets all substantial requirements and is sufficient for the purposes of this case. A better form, it is suggested, is that sometimes followed (see R'y Co. v. Kernochan, 55 Ohio St., 306), to the effect that the party presents his bill of exceptions to the court, and the court finding that the same has been duly examined and found true, and duly allowed and signed, is ordered to be made a part of the record, for this in fact is just what is done.
But whether we treat the allowance and signing as the act of the judges, as such, or of the court, or a joint act, the same result, by force of the maxim omnia praeswnuntur rite et solemniter acta esse, folIoavs. The ordinary rule is that when any judicial or official act is shown to have been done in a manner substantially regular, it is presumed that formal requisites for its validity were complied with. As expressed in Knox County v. Bank, 147 U. S., 91: “Where an act is done which can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act.” The principle Avas applied and enforced in Heddleson v. Hendricks, 49 Ohio St., 297. In the ^ase at bar the record showing the allowance of fifty days after the overruling of the motion for a new trial for the presentation and filing of a bill of exceptions, and showing also the due allowance, signing and filing of the same within the fifty days, the presumption attaches that the bill was duly submitted to the trial judges for signatures not less than five days before the expiration of the fifty days, notwithstanding the fact that the record is silent on that subject. We cannot presume that the trial judges would have approved, allowed and signed the bill unless the party excepting had *318 complied with the statute, hut must presume the contrary. A like presumption follows, if the allowance and signing be treated as an act of the court. Our conclusion is in entire accord with Railway Company v. Kernochan, supra, and is not at variance with any other declaration of the court save that in the present case heretofore referred to. It will have the effect to require that objections of the character here considered must be presented and disposed of before the case reaches this court.

Motion overruled.